(No. 23154.—

STELLA CHILDRESS, *vs.* BONNIE SMITH *et al.* Defendants in Error.—(RUDOLPH CHILDRESS, Plaintiff in Error.)

*Opinion filed February 14, 1936.*

SUMNER & LEWIS, for plaintiff in error.

GEE & SHAW, for defendants in error.

Mr. JUSTICE FARTHING delivered the opinion of the court:

Stella Childress filed her amended bill for partition in the circuit court of Lawrence county alleging that Nal R. Childress died intestate on November 21, 1931, leaving her

as his widow, Bonnie Smith and Sadie Nastold his daughters, and Harry Max Childress and Rudolph Childress, plaintiff in error herein, his sons, as his only heirs-at-law; that he died seized of 127 acres of land in Lawrence county; that she was entitled to an undivided one-third interest, and each of his children was entitled to an undivided one-sixth interest in the land, subject to her homestead right therein. The four children were made defendants, and a guardian *ad litem* was appointed for plaintiff in error who was a minor.

Bonnie Smith and Sadie Nastold filed a joint answer and a cross-bill denying that Stella Childress was the widow of deceased, and that Harry Max Childress and Rudolph Childress were heirs-at-law of their father. They further alleged that on July 5, 1900, Stella Childress was married to Frank E. Tipton and that he divorced her in McLean county on November 17, 1905, for adultery. They alleged that complainant on April 20, 1907, within two years after her divorce from Tipton married their father at Vincennes, Indiana, while both were residents of this State. They alleged that on September 25, 1920, complainant married O. L. Tollison in Mississippi, and that by reason of this marriage, her marriage with Nal R. Childress was not validated or confirmed by an act of the General Assembly of Illinois approved June 30, 1923. Laws of 1923, p. 327.

Plaintiff in error in the answer filed by his guardian *ad litem*, alleged that Bonnie Smith and Sadie Nastold were the children of a marriage between Emma J. Snyder and Nal R. Childress which was prior to that between complainant and Childress. It alleged that the marriage between complainant and the deceased in Indiana was valid there, and that it was, therefore, valid everywhere; that each of the contracting parties believed that the marriage was valid, until they were informed that it was not, in a divorce proceeding in the circuit court of Lawrence county by the complainant against Childress, which proceeding was

dismissed, when it was discovered that the Indiana marriage was void. The answer alleged that the marriage in Mississippi was absolutely void in that State, and therefore void in every other State, because complainant had a husband living and undivorced under the laws of Indiana, and that the Illinois statute above referred to validated the Indiana marriage.

On October 24, 1932, the court entered a decree dismissing the amended bill of complaint for want of equity. It found the equities to be with the cross-complainants and that the marriage of Stella Childress and Nal R. Childress in Indiana was void in Illinois; that the marriage of Stella Childress with O. L. Tollison in Mississippi was legal and binding in Illinois; that Harry Max Childress and plaintiff in error were not entitled to any interest in the premises, and that cross-complainants were the only heirs-at-law of Nal R. Childress.

On June 4, 1935, Rudolph Childress became of age. He obtained an order of severance and sued out this writ of error under section 117 of the Practice act of 1907 which provided that the time a minor is under disability shall be excluded from the computation of the two-year limitation upon bringing a writ of error.

It is conceded that complainant and Childress went to Indiana to evade section 1a of the Illinois Divorce act which forbade and punished the re-marriage of divorced persons (except to each other) within the space of two years where the cause for divorce was adultery and declared such marriages "absolutely void." (Laws of 1905, p. 194.) The question presented for decision is whether the Indiana marriage was valid when contracted, or was later validated by the act of 1923. (Laws of 1923, p. 327.) If it ever became valid plaintiff in error is an heir of Childress. The plaintiff in error relies upon an act of the General Assembly approved June 30, 1923, which provides: "In all cases where a marriage has been contracted in violation of the

provisions of section 1a of 'An act to revise the law in relation to divorce,' approved March 10, 1874, as amended, except where either of the contracting parties has, subsequent to said marriage, and prior to the taking effect of this act, entered into another marriage contract which was and is legal and binding, under the laws of Illinois, said marriages so contracted in violation of said section 1a, if otherwise legal, are hereby validated and confirmed, except that property rights heretofore vested shall not be affected by this act." Laws of 1923, p. 327.

Plaintiff in error says the marriage between Stella and Nal R. Childress was valid in Indiana, where it was celebrated, and that therefore, under the general rule, it would be valid in Mississippi, so that the marriage contracted there in 1920 between Stella Childress and O. L. Tollison was void. He next contends that the act of 1923 above referred to would validate the Indiana marriage, and that he is a legal heir of Childress.

In *Wilson* v. *Cook*, 256 Ill. 460, we held that a marriage celebrated in violation of section 1a of the Divorce act is void wherever celebrated. We said that the policy of the legislature in passing the statute was to impose upon the citizens of this State an incapacity, for a given time, to contract marriage, and that this was for the protection of the morals and good order of society. When this statute was repealed the legislature provided that marriages contracted in violation of section 1a were to be valid, "except where either of the contracting parties has, subsequent to said marriage, and prior to the taking effect of this act, entered into another marriage which was and is legal and binding under the laws of Illinois," etc.

It is to be noted that the laws of Illinois are to be followed in determining the validity of the second marriage. Under plaintiff in error's contention that the marriage in Indiana in 1907 was valid and, therefore, the marriage in Mississippi was void, there would have been no necessity

for the act of 1923. The Indiana marriage, under his argument was valid everywhere because it was valid where celebrated, and therefore it should be held valid in Illinois. This rule was expressly held not to apply in *Wilson* v. *Cook, supra.* There, also, the parties had gone to a foreign State for the purpose of evading section 1*a* of the Divorce act. The necessity for the act of 1923 was that such marriages were absolutely void. The legislature intended to remove the hardships resulting from section 1*a*. It did not intend to legalize such marriages, if either of the parties had entered into a subsequent marriage which was valid under the laws of Illinois, or to substitute another hardship for the one it removed. The Mississippi marriage between Stella Childress and O. L. Tollison was valid under the laws of Illinois and comes within the exception in the act of 1923. The trial court did not err in holding that the Indiana marriage between Stella and Nal R. Childress was never validated and that plaintiff in error was not an heir of Childress.

The decree is affirmed.

*Decree affirmed.*